IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00160-CR

 

Bobby Blake Newton,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 



From the 272nd District Court

Brazos County, Texas

Trial Court No. 05-00731-CRF-272

 



DISSENTING Opinion










 

      It is impossible for me to convey the
level to which I am disappointed by my colleagues by the issuance of the order
to change the publication designation of Newton v. Texas.  Newton v. State, No. 10-06-00160-CR, 2007 Tex. App. LEXIS 2477 (Tex. App.—Waco Mar. 28, 2007, no pet. h.) (mem. op.).  Their action shows that they have no
regard for the rules of appellate procedure, and, therefore, no respect for the
rule of law.  Why they would do this on such a seemingly insignificant
issue escapes my ability to comprehend human behavior.  My vote on whether
to grant or deny Newton’s motion to publish on its merits is immaterial, as is
the majority’s, because we have no authority to grant the relief
requested.  

      Let me see if I can explain.  On
March 28, 2007, we issued an opinion for which the members of this Court had
voted unanimously to issue as a memorandum opinion with the notation “do not
publish.”  See Tex. R. App.
P. 47.2(b).  On April
10, 2007, Newton filed a motion to publish the memorandum opinion.  See
id.  I cannot account for the movement of the motion within the Court
from April 10, 2007, until April 19, 2007, when I, as the authoring justice of
the Court’s opinion, placed it in circulation with a recommendation as to how
the Court should rule on it.  Due to personal family matters, I was only
available for two work days during this period.  My staff, however, was
available and reviewed the motion, and saw no urgency in disposing of the
motion, because they knew that I would be back to the Court to process the
motion before it was ripe for disposition.  Under the internal operating
procedures discussed more fully below, this Court normally rules on motions
that are ripe for disposition on Tuesday of each week.  As described above,
there was nothing to indicate that this motion was anything special.  Under
the rules and our procedures, the earliest we would have normally ruled on Newton’s motion was Tuesday, April 24, 2007.

      On Monday, April 23, 2007, Newton filed and the Texas Court of Criminal Appeals granted a motion for extension of
time to file his petition for discretionary review.  See Newton v. State, No. PD-0536-07 (Tex. Crim. App.), http://‌www‌.cca‌.courts‌.state‌.tx‌.us/‌opinions‌/Case‌.asp‌?FilingID‌=‌251279
(last visited May 9, 2007).  Upon seeking and obtaining relief from the Court
of Criminal Appeals before we ruled on the motion pending in this Court, Newton removed our authority to grant the relief he had requested.  The applicable
rule of appellate procedure is very clear and provides:

each opinion in a criminal case must bear the
notation “publish” or “do not publish” as determined—before the opinion is
handed down—by a majority of the justices who participate in considering the
case.  Any party may move the appellate court to change the notation, but
the court of appeals must not change
the notation after the Court of Criminal Appeals has acted on any party’s
petition for discretionary review or other request for relief.  The
Court of Criminal Appeals may, at any time, order that a “do not publish”
notation be changed [to] “publish.”

 

Tex. R. App. P. 47.2(b) (emphasis added).

      Newton had suggested no urgency or date by which we needed to rule.  See
Tex. R. App. P. 10.3(a)(3). 
Further, Newton might have obtained an expedited ruling on the motion, if he
had complied with the rules of appellate procedure, by including a notation
regarding a conference with opposing counsel or otherwise noting that no party
opposed the motion.  See id. (2).  He did not. 
Therefore, because we “should not
hear or determine a motion until 10 days after the motion is filed” with some
exceptions, see id. 10.3(a), the
absolute earliest that we could have ruled on the motion would have been on
April 23, 2007.  That was the first business day after the expiration of ten
days after the motion was filed.  But because the motion, which was placed
in circulation on April 19, 2007, was not returned to me by Justice Vance,
after casting his vote on the motion, until April 24, 2007, the day after the Court
of Criminal Appeals had issued its order as described above, we could not have
issued the ruling on the motion before the Court of Criminal Appeals issued its
order. 

      Besides the requirements of the rules of
appellate procedure, under internal rules adopted by a majority of the Court—the
same two justices who are now ignoring those rules—because the motion was not
returned to me until April 24, 2007, the earliest date upon which we could have
issued the ruling was also on April 24, 2007.  This assumes that I
received the votes on the motion back before 10:00 a.m. on April 24, 2007, which I have no way to determine at
this time.  April 24, 2007, was, however, as noted above, the day after Newton had sought and obtained relief from the Court of Criminal Appeals.  

      There is an absolute dearth of support for
Justice Reyna’s contention that “a majority of this Court voted to grant [the]
motion on April 23, 2007—before [the] CCA acted.”  And how can it
possibly be that the timing of the casting of the votes would control over the
date of the issuance of the order?  Even if that were the law, which it is
not, would we not have to compare the time that the last member of this court
voted to the time that the Court of Criminal Appeals’s decision was made?

      We have absolutely no authority to grant Newton’s motion.  Accordingly, Newton’s motion should be dismissed.  

      This order on a motion is not the type of ruling
that is subject to further review by another court.  The majority’s
decision on this particular issue is really not so important, except that one
of the reasons that we are so backlogged on this Court is that we seem to keep
addressing the same decisions in the same case multiple times.  We do not
decide the issue once and move on, but rather we seem to return endlessly to
the issues already decided.  And the investment of my time in this
dissenting opinion is largely academic, except to apprise the reader of the
facts so that readers may draw their own conclusions about the propriety of the
majority’s actions.  But if a person has any respect for the rule of law,
the person would have to ask, why would the majority disregard and violate a
rule that is so clearly applicable?  

      I expect that some ad hoc
rationalization will follow the publication of this dissenting opinion.  I
will try not to spend any more of the reader’s time responding to it, but I ask
the reader to recognize it for what it is.

TOM GRAY

Chief Justice

Dissenting opinion delivered and
filed May 9, 2007

Publish